TINA M. ALLEGUEZ, ESQ. (SBN 136562)
CAROL L. NEWMAN, ESQ. (SBN 89977)
**ALLEGUEZ & NEWMAN, LLP**
21860 Burbank Blvd, Suite 360
Woodland Hills, California 91367
tina@anlawllp.com, carol@anlawllp.com
Tel:   (818) 225-0056
Fax:   (818) 225-0057

Attorneys for Plaintiff and Counter-defendant
DENNIS GERSHMAN, an individual d/b/a
PACIFIC ATLANTIC FREIGHT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GERSHMAN, an individual, d/b/a PACIFIC ATLANTIC FREIGHT, <br><br> Plaintiff, <br> v. <br><br> RAMON INTERNATIONAL INSURANCE BROKERS, INC., et al., <br><br> Defendants. <br> AND AMENDED COUNTERCLAIM | Case No. CV 12-08989 JGB (JEMx) <br><br> STIPULATED TEMPORARY PROTECTIVE ORDER PENDING HEARING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER <br><br> Hearing Date:  August 27, 2013 <br> Time:  10 a.m. <br> Courtroom:  C, 8th Floor, Spring St. <br> (Hon. John E. McDermott) |

The parties to this lawsuit hereby stipulate to the following temporary protective order which will expire by its terms upon receipt of a ruling from the Court on plaintiff's motion for a protective order, presently scheduled for hearing on August 27, 2013.

1. A Party or third party may designate any document, data compilation, transcript, thing or information, including without limitation written discovery responses (collectively "Material"), in whole or in part, as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Order, if counsel for such Party in good faith believes that such Material contains or reveals information which could cause substantial harm to the Producing Party (herein defined as a person who produces Material in connection with this case) if disclosed to persons other than those designated in paragraphs 7 and 8 below.

Such designation shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If it is not practical to so mark the Material itself, a container for or a tag attached to the Material shall be so marked. The marking shall state: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or a substantially similar legend (hereinafter "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as applicable). Nothing in this paragraph shall be construed as an express or implied agreement by the non-producing party ("Receiving Party") that Material designated as "Confidential" or "Confidential-Attorneys Eyes Only" is confidential. However, Material so designated shall be treated in accordance with its designation, unless the Receiving Party challenges the designation under Paragraph 6 below. The Parties agree that the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be abused to prevent any Party from being able to prepare its case for trial, and may be used only for Material which is competitively sensitive and proprietary, the disclosure of which to the other Party would unfairly prejudice the Producing Party.

2. In lieu of marking the original of a document or the original of other Material CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to inspection, the Producing Party or its counsel may orally designate any document or other Material being produced for inspection by counsel for a Party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, thereby making it, and the information it contains, temporarily subject to this Order. However, each copy of such document or other Material must be marked by the Producing Party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as required by this Order at the time it is subsequently delivered to receiving counsel in order to make the document and copies subject to this Order; provided, however, that all documents shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY and temporarily subject to this Order for ten (10) days from such delivery to permit the Producing Party to correct any inadvertent failure to mark delivered documents.

3. Information disclosed at a deposition may be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under the following circumstances: (a) by indicating on the record during the deposition that the testimony is CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and subject to the provisions of this Order, in which case the court reporter will be directed to produce a separate, confidential transcript or to indicate on the caption page of the transcript that some or all of its contents are governed by this Order and by marking such pages containing CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY; or (b) within ten (10) days following receipt of the transcript by counsel for the designating party, by notifying all Parties in writing of the specific pages of the transcript that are to be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY thereafter.

4. The inadvertent or unintentional disclosure by the Producing Party of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Material, either by way of document production or deposition testimony, regardless of whether the Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any such inadvertently or unintentionally disclosed CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information not designated as such pursuant to paragraphs 1 through 3 shall be so designated, by giving written notice to all Parties, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure. Upon such notice, and receipt of substitute copies bearing the appropriate confidentiality legend, the Receiving Party shall return said Material and not retain copies thereof, and shall thereafter treat information contained in said Material and any summaries or notes thereof as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, as designated by the Producing Party, except to the extent such information has already been publicly disclosed, such as in a court filing.

5. If in connection with this litigation any Party discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection provided ("Protected Information"), pursuant to Federal Rule of Evidence 502, the disclosure of such information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be able to assert with respect to the Protected Information and its subject matter. If a claim of privilege is made by a Producing Party with respect to Protected Information, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Protected Information and provide a certification of counsel that all such Protected Information has been returned or destroyed. If the Receiving Party believes that it

has received Protected Information, the Receiving Party shall notify the Producing Party within five (5) business days of the receipt of such information. The Receiving Party shall, within ten (10) business days, return or destroy all copies of the Protected Information and provide a certification of counsel that all such Protected Information has been returned or destroyed. The Receiving Party may request that the Producing Party produce a privilege log with respect to Protected Information, which the Producing Party shall produce within ten (10) business days of any such request. Any motion compelling production of Protected Information shall be filed under seal and shall not assert as a ground for its motion the fact or circumstance of the disclosure of the Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of Protected Information.

      6.   <u>"Confidential" Material</u> – Material designated "Confidential" may only be disclosed, summarized, described, or otherwise communicated or made available in whole or in part for the purpose of prosecuting or defending this federal court lawsuit ("Action"), and only to the following persons:

    a.   attorneys of the law firms representing the Parties;

    b.   no more than three (3) employees of each of the parties ("Party Representative"), as necessary to provide assistance in the conduct and evaluation of this Action, provided that each Party Representative shall be identified by delivering to the Producing Party the name and position of the Party Representative in writing at least five (5) business days prior to such disclosure. If, within five (5) business days following receipt of such written identification, the Producing Party objects to such disclosure, the Party seeking disclosure must seek relief from the Court, either following Local Rule 7-19 or Local Rule 37. No disclosure shall be made to that Party Representative until the Court has ruled.

    c.   The employees of counsel listed in 7(a) above (including partners, associates, paralegals, secretaries, legal assistants, and clerks) actually assisting such counsel in preparation of this case; provided, however, that such employees may have access to CONFIDENTIAL Material only to the extent necessary to perform their duties;

    d.   Non-party experts or consultants retained to assist counsel of record in this case, subject to compliance with paragraph 9(a) below;

    e.   Court reporters involved in transcribing depositions or other proceedings in this litigation, provided that they agree to be subject to the terms of this Order and provided that they are provided CONFIDENTIAL information only to the extent necessary to perform the transcription;

    f.   Persons who were the author of or are shown to have lawfully received a copy of the Confidential information;

    g.   The Court;

    h.   Court personnel involved with this case; and

    i.   Members of the jury, if any, in this case.

7.   "Confidential – Attorneys' Eyes Only" Material. Material designated "Confidential – Attorneys' Eyes Only" may be disclosed only to persons qualifying under paragraphs 7(a), 7(c), 7(d), 7(e), 7(f), 7(g), 7(h), or 7(i). Party Representatives designated in paragraph 7(b) shall not receive access to or disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY Material, absent the written consent of the Producing Party or order of the Court.

8.   (a) Prior to disclosing any Material designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to any person described in Paragraph 7(d) and 7(f) above, a Party shall provide a written identification of any such person to the opposing Party, setting forth the name of the person, his or her occupation, business address, and a curriculum vitae. The

1  Parties shall be allowed to disclose Materials designated as CONFIDENTIAL or
2  CONFIDENTIAL – ATTORNEYS' EYES ONLY to such persons unless, within
3  ten (10) days after the identification of the retained person has been provided to the
4  opposing Party, the opposing Party objects to the disclosure of Materials
5  designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES
6  ONLY to the particular person. If objection to disclosure is made within the ten
7  (10) days, the objecting Party shall, no later than five (5) days after objection,
8  comply with either Local Rule 7-19 or Local Rule 37. If an objection is made and
9  the objecting Party petitions the Court for an order prohibiting the disclosure at
10 issue, no materials designated as CONFIDENTIAL or CONFIDENTIAL –
11 ATTORNEYS' EYES ONLY shall be made available to the particular person until
12 after the Court rules that disclosure can be made. If the objecting Party fails to
13 timely petition the Court for an order prohibiting the disclosure at issue, then
14 Materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'
15 EYES ONLY may be made available to the particular person, but the Parties shall
16 nevertheless continue to treat and deem such Material as CONFIDENTIAL or
17 CONFIDENTIAL-ATTORNEYS'-EYES-ONLY, as the case may be.
18 Notwithstanding anything contained in this Order, discovery of experts will be
19 governed by Federal Rule of Civil Procedure 26(b)(4).
20      (b)    All persons authorized by Paragraph 7(d), 7(e), or 7(f) above to have
21 access to Material designated as CONFIDENTIAL or CONFIDENTIAL –
22 ATTORNEYS' EYES ONLY must sign an Undertaking in the form of Exhibit A
23 attached to this Order before gaining access to such Material or information.
24      9.     Each recipient of the CONFIDENTIAL or CONFIDENTIAL –
25 ATTORNEYS' EYES ONLY Material shall maintain such Material in a secure,
26 safe area and shall exercise the same standard of care with respect to the storage,
27 custody, use and dissemination of such Material as is exercised by the recipient
28 with respect to its own confidential and proprietary material.

7
TEMPORARY PROTECTIVE ORDER

10. Except upon consent of the designating Party or upon order of the Court, any and all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Materials produced, served or otherwise made available by the designating Party to another Party during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those Materials, shall be used only for preparation and presentation of this Action and for no other purpose whatsoever.

11. Any papers filed with or presented to the Court that contain or reveal Materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be filed with an application to have the documents filed under seal in accordance with the procedures outlined in the Local Rules and shall not be publicly disclosed, or shall be appropriately redacted to ensure that no CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS'-EYES-ONLY information is disclosed to the public or any third party, except upon consent of the designating Party or upon further order of the Court.

12. If Material or information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the opposing Party and the designating Party, and without prejudice to the rights and remedies of the designating Party, make every effort to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

13. Plaintiff's motion for a protective order is presently scheduled for hearing on August 27, 2013. In the event that the Court denies Plaintiff's motion for a protective order, it is agreed that any documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or a substantially similar legend pursuant this temporary protective order will be treated as though they were never designated as such, and Defendants are entitled to

remove any designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or a substantially similar legend that was inserted by Plaintiff pursuant to this temporary protective order.

14. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials that are otherwise beyond the scope of permissible discovery.

15. Nothing in this Order shall be construed to prevent a Party or third party from seeking such further protective provisions regarding confidentiality, as may be appropriate.

16. Nothing in this Order shall be construed as a waiver by a Party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

17. Nothing in this Order shall be construed to restrict a designating Party in its use of its own CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY materials.

18. This Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court.

19. If plaintiff's motion for a protective order is granted in whole or in part, any documents or other items designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY during the period from July 29, 2013 until the Court's ruling on the motion shall thereafter be governed by the terms of the Court's order on the motion.

Dated: July 29, 2013          ALLEGUEZ & NEWMAN, LLP

                              By:   /s/ Carol L. Newman
                                    Carol L. Newman
                              Attorneys for Plaintiff and
                              Counter-defendant DENNIS GERSHMAN,
                              an individual, d/b/a PACIFIC ATLANTIC
                              FREIGHT

Dated: July 29, 2013

KAYE, ROSE & PARTNERS, LLP

By: /s/ Frank Brucculeri
Attorneys for Defendant and Counter-claimant RAMON, INC. and Defendant IRIS ARDEN ABEKASSIS

**IT IS SO ORDERED**,

Dated: August 15, 2013

*/s/ John E. McDermott*

Honorable John E. McDermott
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

I, _____, declare and say that:

1. I live at _____. I am employed as [state position] _____ by [state name and address of employer] _____.

2. I have read the Temporary Protective Order entered in <u>DENNIS GERSHMAN etc. v. RAMON INTERNATIONAL INSURANCE BROKERS, INC., ET AL.,</u> United States District Court for the Central District of California, Case No. CV12-08989 JGB (JEMx), and a copy of the Temporary Protective Order has been given to me.

3. I agree to be bound by the terms of the Temporary Protective Order and agree that any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material within the meaning of the Temporary Protective Order will be used by me only in connection with the furtherance of the above-referenced litigation.

4. I agree that I will not disclose or discuss CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material with anyone other than the persons allowed access to such CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material as set forth in Paragraphs 7 and 8 of the Order.

5. I understand that any disclosure or use of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material in any manner contrary to the provisions of the Temporary Protective Order may subject me to sanctions for contempt of the Court's Order.

6. I agree to return all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material to counsel who provided it to me upon the conclusion of this action.

7. I agree to be subject in person to the rules and jurisdiction of this Court in connection with any proceeding relating to the enforcement of the Temporary Protective Order.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed under the laws of the United States of America this _____ day of _____ 20__, at _____ [location].

_____
[NAME]